# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JANE DOE, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | DOCKET NO. |
| | ] | |
| STEPHEN J. MOROSKI and | ] | _____ |
| DARREN CROSBY, | ] | |
| | ] | |
| Defendants. | ] | |

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Jane Doe, by and through undersigned counsel, and files her Verified Complaint and Demand for Jury Trial against Defendants Stephen J. Moroski and Darren Crosby, showing this Court as follows:

## PARTIES

*1.* Plaintiff Jane Doe is a United States citizen and a resident of Fulton County, Georgia.

*2.* Defendant Stephen J. Moroski is, and was at all times herein mentioned, an adult resident of Fulton County, Georgia, and a citizen of the

State of Georgia; and may be served with process at his residence address, 725 Camp Avenue, Roswell, Georgia 30075.

3. Defendant Darren Crosby is, and was at all times herein mentioned, an adult resident of Fulton County, Georgia, and a citizen of the State of Georgia; and may be served with process at his residence address, 3000 Forrest Walk, Unit 5114, Roswell, Georgia 30075.

## JURISDICTION & VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law; *viz.,* 15 U.S.C. 6851.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because both Defendants are residents of this judicial district; a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district; and both Defendants are subject to personal jurisdiction within this judicial district.

## FACTS

6. Plaintiff and a man named Jeff McCoy were in an on-again, off-again romantic relationship that ended in approximately May 2021.

7.  During Plaintiff's relationship with Mr. McCoy, and at Mr. McCoy's urging, Plaintiff and Mr. McCoy videoed certain of their intimate interactions, and Plaintiff agreed to the videorecording of certain intimate interactions involving other persons (collectively, the "Recordings"). Plaintiff also took, and allowed Mr. McCoy to take, at Mr. McCoy's urging, certain intimate photographs of herself (collectively, the "Photographs").

8.  Plaintiff consented to the making of the Recordings and Photographs only upon Mr. McCoy's repeated, express assurances that the Recordings and Photographs would be completely protected and would not be shared with third parties.

9.  Each time Plaintiff and Mr. McCoy broke off their romantic relationship, Plaintiff would ask Mr. McCoy to delete the Recordings and Photographs. In response, Mr. McCoy agreed, and guaranteed her that he had deleted all traces of them.

10. Plaintiff has since learned, and alleges on information and belief, that on April 16, 2023, Mr. McCoy and his then-girlfriend, Emilyn Espiritu, displayed at least one of the Recordings, and at least one of the Photographs, to several persons—including Defendant Moroski and Defendant Crosby— via either Mr. McCoy's or Ms. Espiritu's cellphone, at Ipps Pastaria & Bar ("Ipps") in Roswell, Georgia.  Specifically:

    *(a)*    Mr. McCoy and Ms. Espiritu allowed Defendant Crosby to scroll through videos and photographs on the phone, while they, Defendant Moroski, and others looked on;

    *(b)*    Included within the photos and videos that Defendant Crosby scrolled through and viewed, in the presence of Mr. McCoy, Ms. Espiritu, Defendant Moroski, and the other onlookers, was one of the Photographs, which depicted Plaintiff's bare breasts (hereafter, the "Displayed Photograph"), and one of the Recordings (hereafter, the "Displayed Recording"); and,

    *(c)*    Defendant Moroski, using Defendant Crosby's phone, made a video recording of Defendant Crosby scrolling through the phone and viewing/displaying the Displayed Photograph and Displayed Recording, which he then saved to Defendant Crosby's phone.

*11.*    That same evening, Plaintiff received several text messages, from Defendant Crosby's phone, of the video created by Defendant Moroski depicting the display of the Displayed Photograph and the Displayed Recording at Ipps.

*12.*    Plaintiff is identifiable in both the Displayed Photograph and the Displayed Recording.

### COUNT I – VIOLATION OF 15 U.S.C. § 6851(b)
### (Defendant Darren Crosby)

*13.*    Plaintiff reasserts the preceding Paragraphs 1 through 12 as if fully set forth herein.

*14.*  The Displayed Recording constitutes an intimate visual depiction under 15 U.S.C. § 6851(a)(1).

*15.*  Defendant Crosby disclosed the Displayed Recording, as that term is defined under 15 U.S.C. § 6851(a)(4), when he displayed it for the onlookers at Ipps and permitted Defendant Moroski to videorecord that display using Defendant Crosby's cellphone.

*16.*  Defendant Crosby disclosed the Displayed Recording using a means or facility of interstate or foreign commerce; *viz.,* cellular phones.

*17.*  Plaintiff did not consent to Defendant Crosby's disclosure of the Displayed Recording.

*18.*  Defendant Crosby knew that Plaintiff did not consent to the disclosure of the Displayed Recording, or recklessly disregarded whether Plaintiff had not consented to such disclosure.

*19.*  Plaintiff suffered actual damages because of Defendant Crosby's disclosure of the Displayed Recording.

*20.*  Pursuant to 15 U.S.C. § 6851(b)(3)(A), Plaintiff is entitled to recover from Defendant Crosby *(a)* the greater of her actual damages or statutory liquidated damages of $150,000; *(b)* a permanent injunction ordering Defendant Crosby to cease displaying and disclosing the Displayed

Recording; and *(c)* her costs in prosecuting this action, including reasonable attorneys' fees and other litigation costs reasonably incurred.

### COUNT II – VIOLATION OF 15 U.S.C. § 6851(b)
### (Defendant Darren Crosby)

*21.* Plaintiff reasserts the preceding Paragraphs 1 through 12 as if fully set forth herein.

*22.* The Displayed Photograph constitutes an intimate visual depiction under 15 U.S.C. § 6851(a)(1).

*23.* Defendant Crosby disclosed the Displayed Photograph, as that term is defined under 15 U.S.C. § 6851(a)(4), when he displayed it for the onlookers at Ipps and permitted Defendant Moroski to videorecord that display using Defendant Crosby's cellphone.

*24.* Defendant Crosby disclosed the Displayed Photograph using a means or facility of interstate or foreign commerce; *viz.,* cellular phones.

*25.* Plaintiff did not consent to Defendant Crosby's disclosure of the Displayed Photograph.

*26.* Defendant Crosby knew that Plaintiff did not consent to the disclosure of the Displayed Photograph, or recklessly disregarded whether Plaintiff had not consented to such disclosure.

27. Plaintiff suffered actual damages because of Defendant Crosby's disclosure of the Displayed Photograph.

28. Pursuant to 15 U.S.C. § 6851(b)(3)(A), Plaintiff is entitled to recover from Defendant Crosby *(a)* the greater of her actual damages or statutory liquidated damages of $150,000; *(b)* a permanent injunction ordering Defendant Crosby to cease displaying and disclosing the Displayed Photograph; and *(c)* her costs in prosecuting this action, including reasonable attorneys' fees and other litigation costs reasonably incurred.

### COUNT III – VIOLATION OF 15 U.S.C. § 6851(b)
### (Defendant Stephen J. Moroski)

29. Plaintiff reasserts the preceding Paragraphs 1 through 12 as if fully set forth herein.

30. The Displayed Recording constitutes an intimate visual depiction under 15 U.S.C. § 6851(a)(1).

31. Defendant Moroski disclosed the Displayed Recording, as that term is defined under 15 U.S.C. § 6851(a)(4), when, using Defendant Crosby's phone, he videorecorded Defendant Crosby displaying the Displayed Recording.

32. Defendant Moroski disclosed the Displayed Recording using a means or facility of interstate or foreign commerce; *viz.,* cellular phones.

*33.*   Plaintiff did not consent to Defendant Moroski's disclosure of the Displayed Recording.

*34.*   Defendant Moroski knew that Plaintiff did not consent to the disclosure of the Displayed Recording, or recklessly disregarded whether Plaintiff had not consented to such disclosure.

*35.*   Plaintiff suffered actual damages because of Defendant Moroski's disclosure of the Displayed Recording.

*36.*   Pursuant to 15 U.S.C. § 6851(b)(3)(A), Plaintiff is entitled to recover from Defendant Moroski *(a)* the greater of her actual damages or statutory liquidated damages of $150,000; *(b)* a permanent injunction ordering Defendant Moroski to cease displaying and disclosing the Displayed Recording; and *(c)* her costs in prosecuting this action, including reasonable attorneys' fees and other litigation costs reasonably incurred.

### COUNT IV – VIOLATION OF 15 U.S.C. § 6851(b)
### (Defendant Stephen J. Moroski)

*37.*   Plaintiff reasserts the preceding Paragraphs 1 through 12 as if fully set forth herein.

*38.*   The Displayed Photograph constitutes an intimate visual depiction under 15 U.S.C. § 6851(a)(1).

39. Defendant Moroski disclosed the Displayed Photograph, as that term is defined under 15 U.S.C. § 6851(a)(4), when, using Defendant Crosby's phone, he videorecorded Defendant Crosby displaying the Displayed Photograph.

40. Defendant Moroski disclosed the Displayed Photograph using a means or facility of interstate or foreign commerce; *viz.,* cellular phones.

41. Plaintiff did not consent to Defendant Moroski's disclosure of the Displayed Photograph.

42. Defendant Moroski knew that Plaintiff did not consent to the disclosure of the Displayed Photograph, or recklessly disregarded whether Plaintiff had not consented to such disclosure.

43. Plaintiff suffered actual damages because of Defendant Moroski's disclosure of the Displayed Photograph.

44. Pursuant to 15 U.S.C. § 6851(b)(3)(A), Plaintiff is entitled to recover from Defendant Moroski *(a)* the greater of her actual damages or statutory liquidated damages of $150,000; *(b)* a permanent injunction ordering Defendant Moroski to cease displaying and disclosing the Displayed Photograph; and *(c)* her costs in prosecuting this action, including reasonable attorneys' fees and other litigation costs reasonably incurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane Doe prays for relief against Defendant Stephen J. Moroski and Defendant Darren Crosby as follows:

- The greater of her actual damages or $150,000 from Defendant Crosby for his disclosure of the Displayed Recording, plus her attorneys' fees and litigation costs for prosecuting that claim, under 15 U.S.C. § 6851(b)(3)(A)(i);

- The greater of her actual damages or $150,000 from Defendant Crosby for his disclosure of the Displayed Photograph, plus her attorneys' fees and litigation costs for prosecuting that claim, under 15 U.S.C. § 6851(b)(3)(A)(i);

- The greater of her actual damages or $150,000 from Defendant Moroski for his disclosure of the Displayed Recording, plus her attorneys' fees and litigation costs for prosecuting that claim, under 15 U.S.C. § 6851(b)(3)(A)(i);

- The greater of her actual damages or $150,000 from Defendant Moroski for his disclosure of the Displayed Photograph, plus her attorneys' fees and litigation costs for prosecuting that claim, under 15 U.S.C. § 6851(b)(3)(A)(i);

- A permanent injunction ordering Defendant Moroski and Defendant Crosby to cease displaying and disclosing the Displayed Recording and Displayed Photograph; and,

- Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this <u>24th</u> day of September 2024.

<u>*/s/ Timothy M. Andrews*</u>
Jon David W. Huffman
Georgia Bar No. 937966
jondavid@poolehuffman.com

Timothy M. Andrews
Georgia Bar No. 455899
timandrews@poolehuffman.com

Shelby A. McKenzie
Georgia Bar No. 505611
shelby@poolehuffman.com

POOLE HUFFMAN, LLC
3562 Habersham at Northlake
Bldg. J, Suite 200
Tucker, Georgia 30084
Telephone: (404) 373-4008
Fax:            (888) 709-5723

*COUNSEL FOR PLAINTIFF*
*JANE DOE*

## VERIFICATION

I am the plaintiff referred to in the above complaint and have authorized its filing. The factual allegations set forth in the complaint are true to my knowledge, except as to matters alleged on my information and belief, which I believe to be true based on my review of information provided to me by law enforcement, and conversations with Mr. Moroski and Mr. Crosby.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of September 2024.

_____
Jane Doe